## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RITA R.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 5631 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Rita R.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for reversal and remand [Doc. No. 20] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 24] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 16, 2019, Plaintiff filed a claim for SSI, alleging disability since January 1, 2017. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on December 11, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 19, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of April 16, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: attention deficit hyperactivity disorder (ADHD); depression; anxiety; posttraumatic stress disorder (PTSD); and mild cognitive disorder/deficits. The ALJ concluded at step

three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: can understand, remember, and apply information to perform simple tasks; can make simple decisions; can persist and complete simple tasks timely; and can adapt to routine changes in workplace routines. At step four, the ALJ concluded that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## **DISCUSSION**

## I.   **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

3

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly consider the opinions of the state agency psychologists; and (2) the ALJ failed to adequately account for Plaintiff's moderate limitations in concentration, persistence, or pace.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ erroneously failed to address the opinions of the state agency psychologists that Plaintiff was limited to performing jobs involving one-to-two step tasks. On that topic, both state agency consultants – Gayle Williamson, Psy.D. and R. Leon Jackson, Ph.D. – did indeed opine that Plaintiff "could only sustain pace, persistence and concentration for 1-2 step tasks." (R. 73, 87.) In her decision, the ALJ acknowledged those specific opinions but did not actually address them in any manner. (*Id.* at 19.) The Court agrees with Plaintiff that the ALJ erred in not

analyzing the state agency consultants' opinions concerning Plaintiff's limitation to one-to-two step tasks.

Indeed, an ALJ is required to "provide a thorough and appropriate explanation" for rejecting a state agency psychologist's opinion that a claimant is limited to one-to-two step tasks. *Michael S. v. Saul*, No. 19-CV-4033, 2020 WL 4052903, at *4 (N.D. Ill. July 20, 2020). *See also Angelica R. v. Kijakazi*, No. 3:21-CV-50369, 2023 WL 1971647, at *3 (N.D. Ill. Jan. 6, 2023) (with respect to state agency psychological consultants' opinions that claimant was limited to one-to-two step tasks, "the ALJ *was* required to *articulate* how he considered the PCs' findings by addressing their supportability and consistency with other evidence in the record, even if he ultimately rejected their opined limitations") (citation omitted, emphasis in original). Further, the ALJ must "build a logical bridge from the evidence to his conclusion that Claimant should not be limited to one to two step tasks." *Mack v. Berryhill*, No. 16 CV 11578, at *3 (N.D. Ill. July 23, 2018). In this case, the ALJ did not provide any explanation concerning her apparent rejection of the one-to-two step task limitation, and thus obviously did not provide the requisite explanation and logical bridge. *See Fatime I. v. Kijakazi*, No. 20 CV 3603, 2022 WL 4605081, at *4 (N.D. Ill. Sept. 30, 2022) ("As with a medical source opinion, the most important factors in evaluating a prior administrative medical finding are supportability and consistency. But the ALJ addressed neither when she rejected the one- to two-step task limitation . . . both consultants thought was necessary to accommodate Claimant's limitations in the workplace.") (internal quotations

omitted); *Diaz v. Berryhill*, No. 16 C 11419, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017) ("The RFC also does not limit plaintiff to work involving '1-2 step job tasks,' which was the recommendation of the state agency psychologists, whose opinions the ALJ gave 'some weight.' . . . The ALJ was not required to accept the agency doctors' opinions, but he was required to – and did not – explain why he adopted some of their findings and rejected others."). Merely mentioning the opined one-to-two step task limitation without analysis is inadequate. *See Angelica R.*, 2023 WL 1971647 at *3 ("Merely mentioning the one- to two-step task limitation was not the same as fully addressing and analyzing the PCs' opinions.") (citations omitted); *Anna-Marie L. v. Kijakazi*, No. 3:21-CV-50354, 2022 WL 4610120, at *5 (N.D. Ill. Sept. 30, 2020) ("Although the ALJ acknowledged the state agency physicians' finding in his decision, he did not include a restriction for one-to-two step tasks in the RFC and failed to explain why such a limitation was not included.").

The ALJ's error is of crucial importance because a limitation to "simple tasks" (the RFC limitation the ALJ found here) encompasses jobs that may involve complexity beyond one-to-two step tasks. *See Kevin W. v. Kijakazi*, No. 20-CV-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023) ("[C]ours in this district have repeatedly interpreted the restriction [to one-to-two step tasks] to limit a claimant to Level 1 Reasoning jobs. Comparatively, a restriction to 'simple work' could include jobs with a Reasoning Level of 2 or higher.") (citations omitted); *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *5 (N.D. Ill. May 31, 2022) ("In

sum, the ALJ erred by failing to explain why she did not incorporate [the state agency consultant's] 1-2 step task limitation into plaintiff's RFC because that limitation was more restrictive than the limitation to simple, routine work.") (citation omitted); *Deborah B. v. Kijakazi*, No. 20-CV-7729, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022) ("This omission is crucial because the limitation to one-to-two step tasks is more restrictive than just the limitation to simple work found by the ALJ.").

Defendant acknowledges that "the ALJ did not directly address Drs. Williamson's and Jackson's limitation to the number of steps in a task." (Def.'s Memo. at 12.) However, Defendant maintains that the ALJ's lapse in that regard is harmless because one of the three jobs the ALJ determined Plaintiff could perform (Laundry Laborer) involved only one-to-two step tasks and represented 30,000 jobs in the national economy. According to Defendant, that figure is sufficiently significant with respect to the ALJ's step five determination that enough jobs exist that Plaintiff is capable of performing. The Court rejects that argument, and finds that the ALJ's error concerning the one-to-two step job task limitation taints the entirety of her step five determination. *See Mildred B.*, 2022 WL 1746849 at *5 (rejecting Commissioner's argument that error was harmless because one of the jobs the ALJ found that claimant could perform involved only one-to-two step tasks); *Eddins v. Colvin*, No. 15 C 8372, 2016 WL 6803102, at *7 (N.D. Ill. Nov. 16, 2016) ("The ALJ's error here was not harmless. The ALJ did not ask the VE about a hypothetical individual limited to one-to-two step tasks, and the VE's opinion as to

which jobs would be available to a person who could perform simple, routine, repetitive tasks was not limited to jobs containing only one-to-two steps tasks."). And, as Plaintiff points out, "[c]ourts within this circuit have concluded jobs numbers far higher than 30,000 to not be 'significant.'" . . . [and] have found numbers comparable to 30,000 to not be significant." (Pl.'s Reply at 3 (collecting cases).)

Ultimately, the ALJ's error in failing to address the state agency psychologists' opinions that Plaintiff is limited to performing jobs with one-to-two step tasks requires that this matter be remanded. *See Kevin W.*, 2023 WL 35178 at *5 ("[T]his case must be remanded so that the ALJ can either adopt the consultants' one- to two-step limitation, or better explain his decision not to do so."); *Martinez v. Berryhill*, No. 16 C 9240, 2018 WL 2984829, at *3 (N.D. Ill. June 14, 2018) ("[T]he ALJ restricted Plaintiff to 'simple, routine tasks' without explaining his reason for omitting the one- to two-step limitation. . . . [T]his situation demands remand so that the ALJ can either adopt the limitation or explain his decision not to do so."); *Sarah O. v. Kijakazi*, No. 3:20-CV-50229, 2021 WL 5882142, at *3 (N.D. Ill. Dec. 13, 2021) ("In light of this remand, the ALJ should also take the opportunity to explicitly address [the state agency psychologist's] limitations for work that was simple, unskilled, and only required 1 to 2 step tasks. The ALJ clearly did not adopt these limitations but did not explain why he opted not to incorporate them into the RFC.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the entirety of Plaintiff's RFC is properly derived and Plaintiff's limitations in concentration, persistence, or pace are properly accounted for.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand [Doc. No. 20] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 24] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                    **ENTERED:**

**DATE:**   **March 8, 2023**                    _____
                                                  **HON. MARIA VALDEZ**
                                                  **United States Magistrate Judge**

11